# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs July 21, 2010

## JAVONTE DEMONTEZ TERRELL v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 2005-D-3111     Monte Watkins, Judge**

---

### No. M2009-01570-CCA-R3-PC - Filed August 23, 2010

---

Petitioner, Javonte Demontez Terrell,[1] was indicted for first degree murder. He entered a best interest plea to second degree murder in exchange for a twenty-year sentence. Petitioner then filed a pro se petition for post-conviction relief. After an amended petition was filed, the post-conviction court held a hearing. The petition was dismissed by the post-conviction court. Petitioner filed an untimely notice of appeal. This Court waived the timely filing of the notice of appeal. Petitioner challenges the dismissal of the petition. After a review of the record on appeal, we conclude that Petitioner has failed to prove that his guilty plea was involuntary or that he received ineffective assistance of counsel. Accordingly, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT W. WEDEMEYER, JJ., joined.

Ashley Preston, Nashville, Tennessee, for the appellant, Javonte Demontez Terrell.

Robert E. Cooper, Jr., Attorney General and Reporter; Brian Clay Johnson, Assistant Attorney General; Victor S. Johnson, District Attorney General, and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

---

[1] The indictment reads "Javonta Demontez Terrell." The remainder of the record, including the judgment forms, refers to Petitioner as "Javonte Demontez Terrell."

# OPINION

## *Factual Background*

On November 22, 2005, the Davidson County Grand Jury indicted Petitioner for the first degree murder of Evelyn D. Wells. At the time of the indictment, Petitioner was fourteen years old.

On May 24, 2007, Petitioner entered a best interest plea to the lesser included offense of second degree murder in exchange for a twenty-year sentence. At the guilty plea hearing, counsel for the State explained that, had the case gone to trial the facts would have shown that:

> [O]n February the 5th, 2005, the body of Evelyn Diane Wells was found in, actually, an abandoned apartment located at 1412-B Twenty-Third Avenue North, which is here in Davidson County, Tennessee.
>
> Examination determined that it was as a result of homicide. Police conducted an investigation which developed [Petitioner] as a person of interest and ultimately a suspect. He was taken into custody, advised of his constitutional rights, and gave a recorded statement admitting his involvement in, basically, an altercation that resulted in Ms. Wells death at that occasion. The statement was given March the 29th, 2005.

On April 24, 2008, Petitioner filed a pro se petition for post-conviction relief. In the petition, Petitioner claimed that: (1) his conviction was "based on an unlawfully induced guilty plea or guilty plea involuntarily entered without understanding the nature and consequences of the plea;" (2) his conviction was based on a coerced confession; (3) his conviction was a violation of the privilege against self-incrimination; and (4) that he received ineffective assistance of counsel. The post-conviction court deemed that Petitioner had presented a colorable claim, so counsel was appointed. An amended petition for post-conviction relief was filed. In the amended petition, Petitioner argued that he received ineffective assistance of counsel and entered an unknowing and involuntary guilty plea. Specifically, Petitioner complained that trial counsel failed to: (1) develop a trial defense; (2) file pretrial motions; (3) inform Petitioner of the consequences of a guilty plea; (4) advise Petitioner of his rights; (5) render advice to Petitioner in making the plea; and (6) adequately consult with Petitioner prior to proceedings.

At the hearing on the post-conviction petition, Petitioner testified that trial counsel had previously been appointed to represent him in juvenile court on another matter. Trial counsel met with Petitioner the day after he was incarcerated. Trial counsel explained to Petitioner that he might be transferred to be tried as an adult. Petitioner remembered talking to trial counsel two or three times prior to the transfer hearing.

Petitioner was eventually transferred to criminal court to be tried as an adult. According to Petitioner, he first learned of a potential plea offer in May of 2007. Petitioner admitted that he "had conversations" with trial counsel between his 2005 charge date and May of 2007. Petitioner and trial counsel discussed the offer approximately three times prior to the guilty plea and for about ten minutes on the day of the plea. Trial counsel talked to Petitioner about the possibility of a trial but trial counsel assured Petitioner that he would not "win" because of the evidence against him. Petitioner admitted that trial counsel told him that it was his decision as to whether to plead guilty.

Petitioner explained that he thought his "age" would help to have some of the evidence "thrown out." Petitioner remembered discussing this with trial counsel. Additionally, they discussed the "good points" in Petitioner's favor as well as the fact that the State's position was that Petitioner had confessed to the murder during a videotaped interview.

Petitioner admitted that trial counsel discussed his potential sentence if he were to face a jury. Despite his conversations with trial counsel, Petitioner claimed that he believed if he went to trial he would be tried for second degree murder, rather than first degree murder. Petitioner did not tell this to trial counsel. Further, they did not discuss the possibility of self-defense as a trial strategy. Petitioner felt that he could present an argument that he was not "strong [enough] to overpower" the victim because of his age.

Petitioner explained that he understood what was meant by a "best interest" plea. He also recalled signing the petition and going over parts of the petition with trial counsel. Petitioner admitted that he and trial counsel read the petition together. Additionally, Petitioner admitted that trial counsel explained that he could receive some good time credit but would probably "still be doing seventeen years."

Petitioner explained that he was happy but "wasn't, at the same time" with his plea agreement. Petitioner thought that trial counsel could have gotten a better offer even though he received four offers from the State at thirty-five years, twenty-eight years, twenty-five years, and twenty years. Petitioner stated that he pled guilty because twenty years was "better than fifty" and because he was told he did not have a good chance of "winning."

Petitioner testified that he did not remember the portion of the petition regarding his rights and that he could not remember if trial counsel mentioned his rights when reviewing the petition. Petitioner also claimed that he did not remember in the plea colloquy that the trial court asked him if he understood the plea. Petitioner claimed not to remember the majority of the guilty plea proceedings but admitted that it was the "best" he could get and was "scared" that he would lose if he had gone to trial. Finally, Petitioner admitted that he knew a twenty-year sentence would result in about seventeen years in prison if he had good behavior.

Petitioner told the post-conviction court that if the petition was granted, he could possibly get "voluntary manslaughter" even though the medical examiner's report indicated that Petitioner stabbed the victim over forty times. Petitioner claimed that he had an alibi but could not provide the names of the persons who could corroborate his claim.

Trial counsel also testified at the hearing. Trial counsel explained that she knew Petitioner's family and had previously represented him in juvenile court. She was appointed to represent Petitioner only a few days after he was charged with the offense.

Trial counsel explained that she had several meetings with Petitioner prior to the transfer hearing. Trial counsel recalled that Petitioner provided her with the names of several people who might be potential witnesses at trial but she did not recall any alibi witnesses. Trial counsel stated that there was both fingerprint and DNA evidence linking Petitioner to the crime scene in addition to his confession.

Prior to trial, trial counsel asked the nurse at the detention facility to weigh and measure Petitioner. Trial counsel thought that it was important to do so because Petitioner was continuing to grow and, at the time of the offense, the victim outweighed Petitioner.

Trial counsel recalled that she had Petitioner evaluated for competency as well as diminished capacity. Experts performed psycho-sexual and other tests on Petitioner. Trial counsel explained that the results of the tests would have probably been helpful in sentencing had the plea bargain not been reached.

Trial counsel explained that she was in constant communication with the State about plea offers. The negotiations started six or seven months before trial was scheduled to begin. Trial counsel attempted to get the State to allow Petitioner to plead out of the range even after the offer of twenty years. According to trial counsel, twenty years was the "magic number" and was the best offer that Petitioner was going to get from the State. Trial counsel testified that she went over the plea agreement with Petitioner at least twice, explaining the components to him and reading the agreement with him.

-4-

At the conclusion of the hearing, the post-conviction court took the matter under advisement. In an order, the post-conviction court dismissed the petition. The court determined that Petitioner did not establish "any of his allegations." In fact, the post-conviction court found that the "transcript belies Petitioner's claims" because it shows that the trial court questioned Petitioner about the plea. Further, the post-conviction court determined that Petitioner, a person of "above average intelligence," not only understood the charges but "pled guilty after numerous conversations with his attorney regarding possible consequences of going to trial." The post-conviction court concluded that Petitioner failed to demonstrate that he received ineffective assistance of counsel or that his plea was unknowing or involuntary.

Petitioner filed an untimely notice of appeal, challenging the dismissal of the petition for post-conviction relief. However, this Court waived the timely filing of the notice of appeal.

*Analysis*
*Post-Conviction Standard of Review*

The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates otherwise. *See State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). During our review of the issues raised, we will afford those findings of fact the weight of a jury verdict, and this Court is bound by the post-conviction court's findings unless the evidence in the record preponderates against those findings. *See Henley v. State*, 960 S.W.2d 572, 578 (Tenn. 1997); *Alley v. State*, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). This Court may not reweigh or re-evaluate the evidence, nor substitute its inferences for those drawn by the post-conviction court. *See State v. Honeycutt*, 54 S.W.3d 762, 766 (Tenn. 2001). However, the post-conviction court's conclusions of law are reviewed under a purely de novo standard with no presumption of correctness. *See Shields v. State*, 40 S.W.3d 450, 458 (Tenn. 2001).

*Ineffective Assistance of Counsel*

When a petitioner seeks post-conviction relief on the basis of ineffective assistance of counsel, the petitioner bears the burden of showing that (a) the services rendered by trial counsel were deficient and (b) that the deficient performance was prejudicial. *See Powers v. State*, 942 S.W.2d 551, 558 (Tenn. Crim. App. 1996). In order to demonstrate deficient performance, the petitioner must show that the services rendered or the advice given was below "the range of competence demanded of attorneys in criminal cases." *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). In order to demonstrate prejudice, the petitioner must show that there is a reasonable probability that, but for counsel's deficient performance, the

result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). "Because a petitioner must establish both prongs of the test to prevail on a claim of ineffective assistance of counsel, failure to prove either deficient performance or resulting prejudice provides a sufficient basis to deny relief on the claim." *Henley v. State*, 960 S.W.2d 572, 580 (Tenn. 1997).

As noted above, this Court will afford the post-conviction court's factual findings a presumption of correctness, rendering them conclusive on appeal unless the record preponderates against the court's findings. *See id.* at 578. However, our supreme court has "determined that issues of deficient performance by counsel and possible prejudice to the defense are mixed questions of law and fact . . . ; thus, [appellate] review of [these issues] is de novo" with no presumption of correctness. *Burns*, 6 S.W.3d at 461.

Furthermore, on claims of ineffective assistance of counsel, the petitioner is not entitled to the benefit of hindsight. *See Adkins v. State*, 911 S.W.2d 334, 347 (Tenn. 1994). This Court may not second-guess a reasonably-based trial strategy, and we cannot grant relief based on a sound, but unsuccessful, tactical decision made during the course of the proceedings. *See id.* However, such deference to the tactical decisions of counsel applies only if counsel makes those decisions after adequate preparation for the case. *See Cooper v. State*, 847 S.W.2d 521, 528 (Tenn. Crim. App. 1992).

Once a guilty plea has been entered, effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. In this respect, such claims of ineffective assistance necessarily implicate the principle that guilty pleas be voluntarily and intelligently made. *See Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (citing *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). As stated above, in order to successfully challenge the effectiveness of counsel, Petitioner must demonstrate that counsel's representation fell below the range of competence demanded of attorneys in criminal cases. *See Baxter*, 523 S.W.2d at 936. Under *Strickland v. Washington*, 466 U.S. 668 (1984), Petitioner must establish: (1) deficient representation; and (2) prejudice resulting from the deficiency. 466 U.S. at 694. However, in the context of a guilty plea, to satisfy the second prong of *Strickland*, Petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59; *see also Walton v. State*, 966 S.W.2d 54, 55 (Tenn. Crim. App. 1997).

When analyzing a guilty plea, we look to the federal standard announced in *Boykin v. Alabama*, 395 U.S. 238 (1969), and the State standard set out in *State v. Mackey*, 553 S.W.2d 337 (Tenn. 1977). *State v. Pettus*, 986 S.W.2d 540, 542 (Tenn. 1999). In *Boykin*, the United States Supreme Court held that there must be an affirmative showing in the trial court that a guilty plea was voluntarily and knowingly given before it can be accepted. 395

U.S. at 242. Similarly, our Tennessee Supreme Court in *Mackey* required an affirmative showing of a voluntary and knowing guilty plea, namely, that the defendant has been made aware of the significant consequences of such a plea. *Pettus*, 986 S.W.2d at 542.

A plea is not "voluntary" if it results from ignorance, misunderstanding, coercion, inducements, or threats. *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993). The trial court must determine if the guilty plea is "knowing" by questioning the defendant to make sure he fully understands the plea and its consequences. *Pettus*, 986 S.W.2d at 542; *Blankenship*, 858 S .W.2d at 904.

On appeal, Petitioner complains that he "did not receive effective assistance of counsel because counsel failed to adequately meet with him, develop a defensive strategy or and discuss the guilty plea and its consequences prior to the date [of the plea]." Petitioner also complains that he was "pressured to accept the plea bargain" due to counsel's inefficiencies.

Petitioner has not shown that trial counsel failed to develop a "defensive strategy" prior to the plea. Trial counsel testified at the hearing that numerous tests were conducted on Petitioner prior to the entry of the plea. Further, trial counsel testified that Petitioner was weighed and measured by a nurse at the detention facility. Trial counsel explained that she expected Petitioner to grow significantly during the proceedings due to his age and that, at the time of the crime, the victim was larger than Petitioner. If they went to trial, she thought this information would help in her defense of Petitioner. Trial counsel also discussed an alibi with Petitioner, but he was unable to provide names or information for potential witnesses.

In other words, Petitioner has failed to show that but for trial counsel's alleged deficiencies, he would have refused to plead guilty and insisted on going to trial. The transcript of the guilty plea hearing reflects that the trial court discussed the ramifications of the guilty plea with Petitioner. Petitioner was thoroughly questioned by the trial court to ascertain whether he understood the effects of the plea.

The plea hearing indicates that Petitioner knew what he was doing, understood the plea, and agreed that it was what he wanted to do to resolve the case. Petitioner has failed to show by clear and convincing evidence that he received ineffective assistance of counsel or that his guilty plea was involuntary. Petitioner himself admitted to the post-conviction court that he chose to plead guilty. Petitioner has failed to show by clear and convincing evidence that trial counsel was unprepared or pressured him into pleading guilty.

Moreover, Petitioner has failed to prove he did not understand the consequences of his plea. Petitioner admitted that he knew the consequences of the plea. Trial counsel also recalled several conversations prior to the entry of the plea, even explaining the "pros and cons" of accepting the offer from the State. "[Q]uestions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact," and the post-conviction court's credibility determinations are conclusive on appeal unless the evidence preponderates against them. *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996). We find no evidence to preponderate against the findings of the trial court. Further, Petitioner has failed to show that there is a reasonable probability that the proceedings would have concluded differently had counsel performed as Petitioner now claims she should have. *Vaughn v. State*, 202 S.W.3d 106, 120 (Tenn. 2006) (citing *Strickland*, 466 U.S. at 687). The evidence does not preponderate against the determination of the post-conviction court.

*Conclusion*

For the foregoing reasons, the judgment of the post-conviction court is affirmed.

_____
JERRY L. SMITH, JUDGE